**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRITTANY WRIGHT, an individual,<br><br>Plaintiff,<br><br>    v.<br><br>THE SCOTTS COMPANY, LLC, d/b/a/ "The Scotts Miracle-Gro Company," an Ohio limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 1:26-cv-2753<br><br>**COMPLAINT FOR:**<br><br>1. Copyright Infringement (17 U.S.C. § 101, *et. seq.*); and<br><br>2. Vicarious and/or Contributory Copyright Infringement<br><br> <br><br>**<u>JURY TRIAL DEMANDED</u>** |

**COMPLAINT**

Plaintiff, Brittany Wright ("Wright"), hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. This Court has personal jurisdiction over Defendants, and each of them, because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

4. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

5. Plaintiff, Wright, is an individual residing in New York.

6. Upon information and belief, Wright alleges that The Scotts Company, LLC, d/b/a/ "The Scotts Miracle-Gro Company" ("Miracle-Gro") is an Ohio limited liability company doing business in and with this district and having a principal place of business located at 14111 Scottslawn Road, Marysville, Ohio 43041. Upon further information and belief, Miracle-Gro owns, markets and distributes lawn and garden products nationwide, including under the Whitney Farms brand, which it owns and controls.

7. Defendants Does 1 through 10, inclusive (collectively with Miracle-Gro, "Defendants") are other parties not yet identified who have infringed Wright's copyrights, have contributed to the infringement of Wright's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise,

are presently unknown to Wright, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.    Wright is informed and believes and thereon alleges that at all times relevant hereto Miracle-Gro and/or Does 1-10 was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Wright's rights and the damages to Wright proximately caused thereby.

## CLAIMS RELATED TO WRIGHT'S PHOTOGRAPHY

9.    Wright is a well-known professional food photographer and stylist who has worked collaboratively for major brands such as Samsung, American Express, and Target. Wright's work has been featured in numerous publications including *O, The Oprah Magazine*, *Conde Nast Traveler, Better Homes and Gardens*, and *Esquire*.

10.    Prior to the conduct complained of herein, Wright composed and captured original photographs of carefully and creatively arranged food and floral imagery, copies of which are depicted below ("Subject Photography"). The Subject Photography is Wright's original creation and is registered with the United States Copyright Office. The Subject Photography is, and at all relevant times was, owned exclusively by Wright.

///

///

///

**COMPLAINT**

## **SUBJECT PHOTOGRAPHY**







4

**COMPLAINT**







**COMPLAINT**




11.     Prior to the conduct complained of herein, Wright widely publicly displayed and disseminated the Subject Photography, including online and in print publications.

12.     Wright routinely includes identifying copyright management information with the Subject Photography, including attribution and metadata.

13.     Following Wright's publication and display of the Subject Photography, Wright's investigation revealed that Defendants, and each of them, exploited the Subject Photography for commercial purposes without Wright's authorization, including, but not limited to, on Defendant's social media platforms.

14.     Upon information and belief, Wright alleges that Defendants, and each of them, had access to the Subject Photography, including through Wright's online profiles and features,

online publications and press featuring Wright's work, Wright's social media accounts, the publication of Wright's photography in books and physical publications, and/or through viewing the Subject Photography on third-party websites.

15.    Defendants, and each of them, have willfully copied, reproduced, displayed, and distributed the Subject Photography for commercial benefit and without Wright's consent, as seen below in the screen captures of Whitney Farms' Facebook, Instagram, and X accounts, which are, upon information and belief, owned operated and controlled by Defendants ("Infringing Uses"):

| INFRINGING USES |
| --- |



**COMPLAINT**





**COMPLAINT**



**COMPLAINT**



**COMPLAINT**





11





**COMPLAINT**



**COMPLAINT**





14





**COMPLAINT**



**COMPLAINT**



16.    Upon Wright's discovery of the above infringements in or around January 2025, Wright sent correspondence to Miracle-Gro on January 21, 2025, notifying the company of its infringements in detail and demanding that it cease and desist all use of the Subject Photography. Miracle-Gro has failed to meaningfully respond, necessitating this action.

**FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement – Against all Defendants, and Each)**

17.    Wright repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

18.    Upon information and belief, Wright alleges that Defendants, and each of them, accessed the Subject Photography by without limitation, viewing the Subject Photography on Wright's online profiles and features, online publications and press featuring Wright's work, Wright's social media accounts, the publication of Wright's photography in books and physical

publications, and/or through viewing the Subject Photography on third-party websites. Access is further established by the identical reproduction of the Subject Photography in the Infringing Uses.

19.    Upon information and belief, Wright alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photography online for commercial benefit, including on Defendants' social media sites, as depicted above.

20.    Defendants, and each of them, infringed Wright's copyrights by directly copying the Subject Photography and publishing same to the public for commercial benefit.

21.    Due to Defendants', and each of their, acts of infringement, Wright has suffered general and special damages in an amount to be established at trial.

22.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Wright's rights in the Subject Photography. As such, Wright is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Wright's rights in the Subject Photography in an amount to be established at trial.

23.    Wright is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

24.    Wright repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

25.    Upon information and belief, Wright alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of

the Subject Photography as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendants knew, or should have known, were not authorized to be published by Defendants; publishing the Infringing Uses on affiliate, third-party, and social media sites; and distributing the Infringing Uses to third parties for further publication.

26.     Upon information and belief, Wright alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the posting and sharing of the Infringing Uses, and were able to supervise the publication and distribution of the Infringing Uses.

27.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Wright has suffered general and special damages in an amount to be established at trial.

28.     Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Wright's rights in the Subject Photography. As such, Wright is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photography, in an amount to be established at trial.

29.     Upon information and belief, Wright alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious.

19

**COMPLAINT**

## PRAYER FOR RELIEF

WHEREFORE, Wright prays for judgment as follows:

1. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Wright's copyrights in the Subject Photography, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photography from any print, web, or other publication or account owned, operated, or controlled by any Defendant.

2. That Wright be awarded all profits of Defendants, and each of them, plus all losses of Wright, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, and other applicable law.

3. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Wright's intellectual property rights;

4. That Wright be awarded her attorneys' fees and costs to the extent available under 17 U.S.C. § 505;

5. That Wright be awarded pre-judgment interest as allowed by law; and

6. That Wright be awarded such further legal and equitable relief as deemed proper.

## JURY DEMAND

Wright demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

**COMPLAINT**

Dated: April 2, 2026                          Respectfully submitted,
New York, New York

By:    */s/ Scott Alan Burroughs*
       Scott Alan Burroughs, Esq.
       Alexandra Licitra, Esq.
       **DONIGER / BURROUGHS**
       247 Water Street, First Floor
       New York, New York 10038
       (310) 590-1820
       alicitra@donigerlawfirm.com
       scott@donigerlawfirm.com
       *Attorneys for Plaintiff*

**COMPLAINT**